FILED

2023 Sep-29  PM 04:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **OIC DREAMS GREENE COUNTY IV, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: _____** |
| | ) | |
| **JONATHAN BENISON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW Plaintiff OIC Dreams Greene County, IV, Inc. ("Plaintiff"), and hereby files this Complaint against Defendant Sheriff Jonathan Benison ("Defendant" or "Sheriff Benison"). In support of this Complaint, Plaintiff states as follows:

## JURISDICTION AND VENUE

1.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this is an action arising under the laws of the United States, specifically 42 U.S.C. § 1983.  This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. 1367(a).

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Defendant resides in this district, Defendant is subject to personal jurisdiction in

1

this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

3.     Plaintiff is an Alabama non-profit corporation with its principal place of business located in Greene County, Alabama.

4.     Defendant Sheriff Jonathan Benison ("Defendant" or "Sheriff Benison") is a citizen and resident of Greene County, Alabama. Sheriff Benison is also the Sheriff of Greene County, Alabama.

## STATEMENT OF FACTS

5.     In 2003, voters approved a constitutional amendment allowing nonprofit organizations to operate bingo games in Greene County, Alabama. The amendment is known as Constitutional Amendment 743 ("CA 743"). CA 743 charges the sheriff of the county with the duty of promulgating and enforcing rules and regulations for the operation of bingo games in Greene County. More specifically, CA 743 provides in pertinent part: "The sheriff shall promulgate rules and regulations for the licensing, permitting, and operation of bingo games within the county."

6.     In 2011, Sheriff Benison entered office and enacted Rules and Regulations for the operation of bingo by non-profit organizations within Greene

County.  Over the years, the Rules and Regulations have been amended from time to time.

7.      Under the Rules and Regulations, Sheriff Benison charges applicants wishing to conduct bingo in Greene County a license fee which is due upon an applicant's submission of its application.

8.      In addition to charging a license fee, pursuant to the Rules and Regulations, on a monthly basis, Sheriff Benison imposes multiple "assessments", colloquially known as "box fees," against all license holders operating a bingo facility in Greene County, regardless of the number of machines in operation at a bingo facility.  For example, in the September 2021 Rules and Regulations, said "assessments" were calculated by multiplying 500 (representing the minimum number of machines operating at a facility) by an arbitrary amount, such as $96.14. Pursuant to the Rules and Regulations, the assessments are to be calculated and paid by the bingo facility on the first day of each month to certain governmental entities and/or charities that Sheriff Benison hand picks.

9.      As of 2017, Plaintiff was licensed to operate a bingo hall for charity in Greene County, Alabama.  Plaintiff's bingo license was issued by Sheriff Benison pursuant to CA 743 and the then-applicable Rules and Regulations.

10.     Shortly thereafter, Plaintiff opened the bingo facility known as Frontier Charity Bingo ("Frontier").

11.     As of today, Frontier remains in business and Plaintiff remains the license holder for Frontier.

12.     Since the time Frontier opened and continuing through today, Sheriff Benison has assessed Plaintiff box fees, and up until just recently, said box fees have been paid for the operation of Frontier.  For example, *see* the October 3, 2022 letter from Sheriff Benison to Plaintiff assessing box fees for Frontier for the month of September 2022, attached hereto as Ex. 1.

13.     More recently, Sheriff Benison's letters to Plaintiff assessing box fees have changed in that instead of using the box fees to pay certain governmental entities and/or charities that Sheriff Benison hand picks, the entirety of the box fees are to be paid to the Greene County Sheriff's Department.  *See* Sheriff Benison's June 29, 2023 letter to Plaintiff assessing box fees for the month of June 2023, attached hereto as Ex. 2; Sheriff Benison's August 28, 2023 letter to Plaintiff assessing box fees for the month of August 2023, attached hereto as Ex. 3; Sheriff Benison's September 28, 2023 letter to Plaintiff assessing box fees for the month of September 2023, attached hereto as Ex. 4.  As set forth in these letters, the box fees assessed on Frontier for just these three months, which were to be paid entirely to the Greene County Sheriff's Department, total $344,986.50.

14.     In another letter from Sheriff Benison to one of the charitable organizations that had been receiving a portion of box fees until recently, Sheriff

Benison notified the charitable organization that the disbursements of part of the box fees to charitable organizations would be suspended temporarily.  According to the letter, the alleged purpose of the entirety of the box fees now being paid to the Greene County Sheriff's Department was so that the Sheriff's Department could use those monies to pay its legal fees.  *See* May 26, 2023 letter from Sheriff Benison to R.E.A.C.H, Inc., attached hereto as Ex. 5.

15.    According to Black's Law Dictionary, "assessment" means the "imposition of something such as a tax or fine, according to an established rate."

16.    Importantly, Sheriff Benison did not expressly receive the power to tax or fine bingo facilities or the associated non-profit such as Plaintiff under CA 743. Further, there is no other statutory or common law authority that allows or suggests that Sheriff Benison has the authority to impose such assessments.  Stated simply, the box fees are nothing more than an illegal pay-to-play scheme.

17.    As a result of Sheriff Benison's wrongful conduct in imposing an unlawful tax in the form of "assessments" against Plaintiff, Plaintiff's due process rights have been violated because Plaintiff's property interests have been wrongfully taken by Sheriff Benison.

## CAUSES OF ACTION

## COUNT I- 42 U.S.C. § 1983

18.     Plaintiff adopts and realleges all paragraphs of this Complaint set forth above as if set out in full herein.

19.     Sheriff Benison, at all times relevant to the events giving rise to this action, was acting under the color of law as the Sheriff of Greene County, Alabama.

20.     Sheriff Benison unlawfully deprived and took Plaintiff's property interests through the imposition of the aforementioned unlawful "assessments" without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States.

21.     Sheriff Benison's imposition of the outrageous and unreasonable "assessments" on Plaintiff likewise violated the Eighth Amendment to the Constitution of the United States.

22.     As a result of Sheriff Benison's wrongdoing described above, Plaintiff's rights under the Eighth and Fourteenth Amendments have been violated and Plaintiff has suffered substantial damages.

## COUNT II- INJUNCTIVE RELIEF

23.     Plaintiff adopts and realleges all paragraphs of this Complaint set forth above as if set out in full herein.

24.     Without injunctive relief, Plaintiff and other bingo facilities operating in Greene County, Alabama will continue to suffer irreparable harm at the hands of Sheriff Benison from the imposition of the unlawful tax in the form of "assessments."

25.     Plaintiff has no adequate remedy at law.

26.     Plaintiff has a reasonable chance of success on the ultimate merits of this case.

27.     The hardship imposed on Defendant by the injunction would not unreasonably outweigh the benefit accruing to Plaintiff.

## COUNT III- DECLARATORY JUDGMENT

28.     Plaintiff adopts and realleges all paragraphs of this Complaint set forth above as if set out in full herein.

29.     A controversy exists between Plaintiff and Sheriff Benison relating to whether the "assessments" imposed by Sheriff Benison are lawful or whether they are an extreme abuse of authority and amount to an unauthorized tax.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands judgment against Sheriff Benison for the following:

A.     A judgment that the "assessments" imposed by Defendant are unlawful and illegal;

B.      Compensatory damages;

C.      Punitive damages in an amount determined by a jury;

D.      Award of reasonable attorney's fees;

E.      Award Plaintiff costs and expenses;

F.      Nominal damages, and

G.      Injunctive relief enjoining Sheriff Benison and any future Sheriff of Greene County from imposing the unlawful "assessments" against bingo facilities in Greene County, Alabama.

H.      Any additional relief deemed just and proper.

## **JURY DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

*/s/Todd Campbell*
Counsel for Plaintiff

**OF COUNSEL:**

Andrew P. Campbell
Todd Campbell
CAMPBELL PARTNERS, LLC
505 20th Street North, Suite 1600
Birmingham, AL 35203
Tel: (205) 224-0752
Fax: (205) 383-2672
andy@campbellpartnerslaw.com
todd@campbellpartnerslaw.com

**PLAINTIFF REQUESTS THAT THE FOLLOWING DEFENDANT BE SERVED VIA CERTIFIED MAIL:**


**Sheriff Jonathan Benison**
**400 Morrow Ave.**
**Eutaw, AL 35462**